DELIA McKENZIE *vs.* SAMUEL TRUESDALE.

Middlesex. March 10, 1933. — September 18, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* What constitutes, To marry. *Res Judicata.*

At the hearing in a district court of an action by a woman for breach of a contract to marry, there was no evidence of a direct promise in words by the defendant to the plaintiff to marry her. There was evidence of happenings and of statements of the defendant which would support the inference that the parties had entered into an engagement for marriage. The judge specifically found: "I find no express promise of marriage, but I do find that the association and conduct of the parties and the attending circumstances were such as naturally and ordinarily accompany a mutual understanding relied upon by each that they are to be married each to the other"; and he found for the plaintiff with damages in a stated amount. The defendant contended that judgment should be entered in his favor because the judge found no express promise of marriage and· no action lay upon an implied promise to marry. *Held,* that

(1) Properly interpreted, the judge's finding was that, although no words of proposal, acceptance and promise ever were spoken, there was an actual meeting of the minds of the plaintiff and the defendant in agreement and that a contract for marriage between them existed, recognized and relied upon by both as fully as if expressed in words;

(2) So interpreted, there was no variance between the declaration and the proof and no error in the finding.

At the hearing of the action above described, there was evidence that several years before the bringing of the action the plaintiff had brought an action against the defendant for food and lodging furnished to him, and had recovered judgment for part of her claim, and that in the previous action she had testified that a promise of marriage had existed and that for that reason her claim in that action had not been pressed earlier. The defendant contended that the election made in bringing the former action precluded the plaintiff from maintaining the action for breach of promise to marry. *Held,* that, the gist of the actions being wholly different, the judgment in the first action did not bar the second action.

CONTRACT. Writ in the District Court of Newton dated February 19, 1932.

In the declaration, the plaintiff alleged "that she and the defendant promised to marry each other and she was

always ready and willing to marry the defendant, but the defendant refused to perform his promise, . . . all to the great loss and damage of the said plaintiff."

The action was heard in the District Court by *Bacon*, J. Material evidence before him and rulings by him are described in the opinion. He found for the plaintiff in the sum of $2,000 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

In this court the defendant contended only (1) that there is no action known to the law as an action of contract for breach of an implied promise to marry, and therefore that, in view of the court's finding that there was no express promise to marry, judgment should be entered for the defendant; (2) that, the plaintiff in her declaration alleging that the plaintiff and the defendant mutually promised to marry each other, and the court having found that there was no express promise on the defendant's part to marry the plaintiff, there was a variance between the allegation in the declaration and the proof which was fatal, and therefore that judgment should be entered for the defendant; and (3) that, the plaintiff having brought suit in *quantum meruit* for board rendered to the defendant during the period of courtship, which board the plaintiff claimed to be furnished to the defendant in consideration of the defendant's promise to marry, and the plaintiff having recovered judgment in that action for the board so furnished, that action was a bar to this subsequent action for breach of a marriage promise; so that the trial court should have granted the defendant's fifth request for ruling.

*W. B. Sullivan, Jr.*, for the defendant.

*A. J. Macdonnell*, for the plaintiff.

WAIT, J. This is an action for breach of a contract to marry. The plaintiff was the widowed keeper of a boarding house. Both parties testified. The defendant denied that any promise had existed. The plaintiff testified to happenings and statements of the defendant which would support the inference that the parties had entered into an engagement for marriage, but she gave no testimony of words of

request for marriage or of any direct promise in words to marry. She testified that he had asked her to meet him at the registry of deaths, births and marriages for the purpose of taking out a declaration of intention of marriage, but had failed to appear there although she awaited him there from nine to eleven o'clock on the day appointed. He later had talked of marriage with her but had never thereafter set a definite date. There was evidence from other witnesses, friends of the plaintiff, that the defendant had said that he intended to marry the plaintiff, and that he had driven an automobile a considerable distance while embracing the plaintiff with one arm. Evidence was admitted that several months before the bringing of this action the plaintiff had sued the defendant for food and lodging furnished to him, and had received judgment for part of her claim. In that action she had testified that a promise of marriage had existed and that her claim had not earlier been pressed on that account. The defendant had asserted that the food was furnished gratuitously. The finding of the trial judge in the present case was as follows: "I find no express promise of marriage, but I do find that the association and conduct of the parties and the attending circumstances were such as naturally and ordinarily accompany a mutual understanding relied upon by each that they are to be married each to the other"; and he found for the plaintiff with damages in a stated amount. He stated that he instructed himself, as requested by the defendant, in substance that he must dismiss from his mind the meals for which recovery had been had in the earlier case and that the damages for breach of promise of marriage were "the money value or worldly advantage of the marriage which would have given the plaintiff a permanent home, the wound and injury to her affections, whatever modification [*sic*] or distress of mind the plaintiff suffered resulting from the defendant's refusal to perform his promise, and in this connection the length of time during which the engagement subsisted" (which might have been found to be thirteen years). He refused the defendant's request

to instruct that the plaintiff was not entitled to recover on all the evidence; that the statute of limitations barred recovery; and that "The plaintiff having collected by virtue of the other suit $750 and costs against this defendant for meals furnished by the plaintiff to the defendant, which the defendant claims were gratuitously furnished, and the plaintiff having elected to bring suit for such board and lodging, the plaintiff has recovered all the money damages that she is entitled to recover." The defence of the statute of limitations was waived. Motions for new trial and for judgment for the defendant were filed. The latter was based upon the finding that there was no express promise of marriage and the contention that no action lay upon an implied promise to marry. The case is before us upon the defendant's appeal from a decision of the Appellate Division for the Northern District which ordered the report dismissed.

We think the proper interpretation to be given the finding of the trial judge to be, that, although no words of proposal, acceptance and promise were ever spoken, there was an actual meeting of the minds of the plaintiff and defendant in agreement and that a contract for marriage between them existed, recognized and relied upon by both as fully as if expressed in words. No other conclusion is reconcilable both with his language, and with his finding for the plaintiff and his assessment of damages. So interpreted, no variance in proof, and no error in the finding appear. He found, as we think (and as there must be in law to permit recovery), an express contract of marriage, — express not in words but in clearly apprehended agreement of mind by the parties upon terms intended to bind both. The judge did not find that from acts of gallantry, years of association, and statements of intent to marry a contractual obligation to marry was created as matter of law; but, from evidence of such events, he inferred the existence of a mutual agreement to marry, underlying them but not arising out of them, created, instead, by a wordless request and acquiescing promise. In so doing he

was not in error at law. We need cite only the decisions in *Kelley* v. *Riley*, 106 Mass. 339, and *Dean* v. *Skiff*, 128 Mass. 174.

The judge was right, also, in refusing to rule in accordance with the requests which were denied. The plaintiff, by recovering what was found to be due her arising out of the defendant's failure to perform his promise to pay for food and lodging furnished him at his request, in no way precluded herself from recovering damages arising out of his failure to perform his promise to marry her. The gist of the actions is absolutely different. The measure of damages is not the same. The contention that an item entering into damages in the one action possibly might form part of damages recoverable in another and, therefore, that the second action is barred by the first, does not deserve serious discussion here. The judge ruled that the amount recovered in the first suit furnished no element of damage in this. This was sufficiently favorable to the defendant. *Smith* v. *Hall*, 69 Conn. 651, cited by the defendant does not sustain him.

*Order of Appellate Division affirmed.*